UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDY MOREAU                                          CIVIL ACTION

VERSUS                                              NO: 26-422

FLOOR AND DÉCOR OUTLETS OF                          SECTION: "A" (3)
AMERICA, INC. & TONYA
BUCKHALTER

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed

by the plaintiff, Judy Moreau. The removing defendant, Floor and Décor Outlets of

America, Inc., opposes the motion. The motion, noticed for submission on April 29,

2026, is before the Court on the briefs without oral argument.

The plaintiff, Judy Moreau ("Moreau" or "Plaintiff"), initiated this lawsuit in state

court to recover for injuries that she claims to have sustained on February 15, 2025, at

the Floor and Décor retail store located in Metairie, Louisiana. Moreau was entering the

store when a sudden wind caused the doormat to blow into her causing her to trip and

fall. The incident was captured on a video camera. Floor and Décor removed the case

to federal court on February 27, 2026.

It is undisputed that the amount in controversy exceeds $75,000.00. It is also

undisputed that Moreau and the removing defendant, Floor and Décor Outlets of

America, Inc. ("Floor and Décor" or "Defendant"), are diverse in citizenship. But Moreau

joined as an additional defendant Ms. Tonya Buckhalter, who is the Chief Executive

Merchant for that location. (Rec. Doc. 7-2, Buckhalter deposition at 9). Buckhalter's

presence in the lawsuit destroys complete diversity given that she and Moreau are both citizens of this state. Floor and Décor's position is that Buckhalter is improperly joined, and therefore her citizenship can be ignored for purposes of diversity jurisdiction.

Moreau moves to remand the case to state court arguing that Buckhalter is a proper defendant in the case, so the Court lacks subject matter jurisdiction over this action, and it must be remanded. Alternatively, should the Court conclude that Buckhalter is improperly joined and that the Court has subject matter jurisdiction, Moreau contends that the removal was untimely thereby entitling the plaintiff to return to state court.

If there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Joinder of a non-diverse party is improper if there is no reasonable basis to predict that the plaintiff might be able to recover against that party. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006). In determining whether the non-diverse defendant is improperly joined, the court does not delve into matters of subjective intent such as motive or purpose. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 768 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc)). Instead, the court examines the allegations contained in the complaint to determine if the plaintiff could survive a Rule 12(b)(6) challenge. *Davidson*, 819 F.3d at 765 (citing *Smallwood*, 385 at 573). If the plaintiff could survive such a challenge then there is *ordinarily* no improper joinder. *Id.*

But, while the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), the scope of the inquiry for improper joinder is broader because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462-63 (5th Cir. 2003)). In conducting this inquiry, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.*

Louisiana substantive law applies to this diversity jurisdiction case. *Jatera Corp. v. US Bank Nat'l Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938)). In instances where the State's highest court has not spoken on the direct question, federal courts are required to make an "*Erie* guess" as to how the State's highest court would resolve the issue. *Id.* (quoting *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013)). In doing so, federal courts must defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise. *Id.* (quoting *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008)).

In *Canter v. Koehring Co.*, the Louisiana Supreme Court held that the breach of a delegated duty by an employee gives rise to personal liability on the employee's part when 1) the principal owes a duty of care to the third person, the breach of which has caused damage to the third person; 2) this duty is delegated by the principal or employer to the defendant (employee); and 3) the defendant (employee) has breached this duty through personal fault. 283 So. 2d 716, 721 (La. 1973). With regard to personal fault, personal liability cannot be imposed upon the employee simply because

of his general administrative responsibility for performance of some function of the employment. *Id.* He must have a personal duty towards the injured plaintiff. *Id.* And if the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm. *Id.*

Turning back to Moreau's case, it is undisputed that Buckhalter had no personal involvement in Moreau's accident. Buckhalter was on the premises that day but she was in the back of the store, in the warehouse with another customer.[1] (Rec. Doc. 7-2, Buckhalter deposition at 15). Thus, this case does not present the situation where an employee may be personally liable for injury resulting from his fault independent of any obligation imposed on him by virtue of his employment duties. *Canter*, 283 So. 2d at 722 n.7 (citing *Tyler v. Walt*, 167 So. 182 (1936); *Vidrine v. Soileau*, 38 So. 2d 77 (La. App.1st Cir. 1948); *Kimbro v. Holladay*, 154 So. 369 (La. App. 2d Cir. 1934)). In order for there to be a reasonable basis to predict that Moreau might be able to recover from Buckhalter, the *Canter* criteria must be met.

Nearly all of the allegations of fault against Buckhalter in the petition pertain to her alleged involvement with the door mats at the entrance to the store. But these allegations are directly refuted by Buckhalter's deposition testimony. According to

---

[1] The Court recognizes that discovery is not concluded in this case but even at this juncture it would seem unlikely that there would be any evidence forthcoming that would contradict Buckhalter's testimony insofar as she had no personal involvement in the accident whatsoever. Plaintiff does not argue to the contrary.

Buckhalter, the mats were neither placed there by the store's personnel nor maintained by the store's staff. (Buckhalter deposition at 18). Floor and Décor contracted with a third-party company (Cintas) to handle that for the store, and the decision to do that was made by corporate. (*Id.* at 18-19). No employee at the local level, including Buckhalter, was involved in any of the decision-making with respect to the floor mats, and no local employee had ever moved them because all of the floor mat decisions were between corporate and Cintas. (*Id.* at 25). *Canter* criterion 2) is not satisfied because there is no evidence that Floor and Décor delegated to Buckhalter any duties pertaining to the floor mats.

The Court notes that Moreau has not yet had the opportunity to depose "corporate," in other words to conduct a Rule 30(b)(6) deposition of Floor and Décor, and Plaintiff argues that for this reason the Court should refrain from engaging in an improper joinder analysis as to Buckhalter. But even if the defendant's corporate deposition were to contradict Buckhalter's testimony in a material way, *i.e.*, if the deponent were to testify that corporate had in fact delegated floor mat duties to Buckhalter, the undisputed facts do not establish that Buckhalter owed a personal duty to Moreau, which is another requirement of *Canter*. Buckhalter was the highest ranking manager assigned to the Floor and Décor store in Metairie. She had other managers working in the store who reported to her and who would have been far better positioned to identify a potential hazard and to rectify it, assuming that the hazard that Moreau encountered could have been identified or discovered prior to the accident. In fact, the reason that Buckhalter did not learn of Moreau's accident until the next day even though she was on the premises when it occurred is because the store manager on duty

handled the incident. (Buckhalter deposition at 15). Even if a *Canter*-type claim against some employee of the Metairie location were viable, the Court is persuaded that it would not be against Buckhalter. It is simply inconceivable that Buckhalter would be liable to Moreau—in other words, have to pay money out of her own pocket to redress this plaintiff's injuries—for the incident that occurred with the door mat.[2]

Floor and Décor has demonstrated that there is no reasonable basis to predict that Moreau might be able to recover from Buckhalter because there is no reasonable basis to conclude that Buckhalter could be personally at fault for Moreau's injuries. Buckhalter has been improperly joined so her citizenship may be ignored for purposes of evaluating diversity jurisdiction. The remaining parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. The Court has subject matter jurisdiction over this matter.[3]

Plaintiff argues that the removal, which occurred on February 27, 2026, was untimely. The timeliness of removal is governed by 28 U.S.C. § 1446(b), which requires

---

[2] Although discovery is not yet concluded, a fair amount of discovery has taken place, which distinguishes this case from *Walker v. Schwegmann Giant Supermarkets, Inc.*, 671 So. 2d 283 (La. App. 4th Cir. 1996). In *Walker*, the court of appeal concluded that the plaintiff could pursue a *Canter* claim when she sued the store manager (in addition to the grocery store) for a slip and fall on a hot dog that was lying on the floor of an aisle in a Schwegmann's grocery store. But that decision was based on allegations alone not on any discovery. The improper joinder analysis specifically allows the district court to go beyond the pleadings and to conduct a summary-judgment type analysis. *See Battenfield v. Wal-Mart Stores, Inc.*, No. 11-1537, 2013 WL 880307, at *5 (W.D. La. Mar. 8, 2013) (distinguishing the *Walker* case).

[3] Fifth Circuit precedent holds that once the court determines that a nondiverse party has been improperly joined, that party must be dismissed without prejudice. *In re N&W Marine Towing, L.L.C.*, 90 F.4th 724, 734 (5th Cir. 2024) (citing *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016)).

that the notice of removal be filed either within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of "other paper" from which it may first be ascertained that the case is one which is or has become removable. *Id.* § 1446(b)(1), (3).

Plaintiff does not contend that the 30-day removal period was triggered by the initial pleading. Floor and Décor removed the case within 30 days of receiving a $150,000.00 settlement demand from Moreau. But Plaintiff argues that it was clear from Moreau's deposition testimony, her medical records, her discovery responses, and jury verdicts obtained in other cases with similar factual scenarios—all in Defendant's possession no later than October 30, 2025—that Moreau would be seeking in excess of $75,000.00.

In this circuit, the information supporting removal in "other paper" must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the "other paper" provision in § 1446(b). *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The Court agrees with Floor and Décor's characterization of the "other paper" that Plaintiff points to as an amalgamation of information insufficient to satisfy the "unequivocally clear and certain" standard so as to trigger the running of the removal period under federal law. Defendant was not required to consult a quantum study in order to ascertain what other plaintiffs were awarded in similar cases. The Court is persuaded that the 30-day removal window did not begin to run until defense counsel

received the plaintiff's settlement offer on February 4, 2026. (Rec. Doc. 1-5, Email). The case was timely removed on February 27, 2026, which was within the 30-day time period.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by the plaintiff, Judy Moreau, is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Tonya Buckhalter is dismissed from this matter without prejudice.

May 7, 2026

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE